UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FERMIN MADRID, Individually and On Behalf of All Others Similarly Situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> PINES MAINTENANCE, INC. and JAW INC. <br><br> *Defendants*. | § § § § § § § § § § § § § § § <br><br> No. _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Fermin Madrid (referred to as "Plaintiff") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendants Pines Maintenance, Inc. and JAW Inc. (referred collectively as "Defendants" or "Pines"). In support thereof, they would respectfully show the Court as follows:

### I. Nature of Suit

1. Plaintiff's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general

well-being of workers." 29 U.S.C. § 202(a).  To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers.  29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Defendants violated the FLSA by employing Plaintiff and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed."  29 U.S.C. § 207(a)(1).

4. Defendants violated the FLSA by failing to maintain accurate time and pay records for Plaintiff and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. Plaintiff brings this collective action under 29 U.S.C. § 216(b) on behalf of themselves and all other similarly situated employees to recover unpaid overtime wages.

## II.  Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. §§ 1391(b)(1), (2) because the Defendant resides in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Houston Division of the Southern District of Texas.

### III.  Parties

8. Plaintiff Fermin Madrid is an individual who resides in Harris County, Texas and who was employed by Defendants during the last three years.

9. Defendant Pines Maintenance, Inc. is a Texas corporation that may be served with process by serving its registered agent:

> James A. Williams Jr.
> 18 Augusta Pines Drive, Suite 200-C
> Spring, Texas 77389

Alternatively, if the registered agent of Pines Maintenance, Inc. cannot with reasonable diligence be found at the company's registered office, Pines Maintenance, Inc. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10. Defendant JAW Inc. is a Texas corporation that may be served with process by serving its registered agent:

> James A. Williams Jr.
> 18 Augusta Pines Drive, Suite 200-C
> Spring, Texas 77389

Alternatively, if the registered agent of JAW, Inc. cannot with reasonable diligence be found at the company's registered office, JAW, Inc. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026

11. Whenever it is alleged that Defendants committed any act or omission, it is meant that the Defendants' officers, directors, vice-principals, agents, servants or employees

committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

## IV.  Facts

12.     Pines Maintenance, Inc. maintains the Augusta Pines Golf Club in Spring, Texas; it does business in the territorial jurisdiction of this Court.

13.     Pines employed Fermin Madrid in the position of golf course maintenance/landscaper for approximately twelve (12) years, through October 3, 2019.

14.     Plaintiff's primary duties were nonexempt.

15.     As a maintenance employee, Plaintiff was primarily responsible for daily upkeep of the grounds at Augusta Pine Golf Club with approximately ten (10) other maintenance employees/landscapers.

16.     Plaintiff's primary duties did not include office or nonmanual work.

17.     Plaintiff's primary duties were not directly related to the management or general business operations of Pines.

18.     Plaintiff's duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

19.     Plaintiff did not exercise a meaningful degree of independent discretion with respect to the exercise of his duties.

20. Plaintiff did not have the discretion or authority to make any decisions with respect to matters of significance.

21. Instead, Plaintiff was required to follow the policies, practices and procedures set by Pines.

22. Plaintiff did not have any independent authority to deviate from these policies, practices and procedures.

23. During Plaintiff's employment with Pines, they were engaged in commerce or the production of goods for commerce.

24. During Plaintiff's employment with Pines, the company had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

25. During Plaintiff's employment with Pines, the company had an annual gross volume of sales made or business done of at least $500,000.

26. Pines paid Plaintiff on an hourly basis.

27. During Plaintiff's employment with Pines, he regularly worked in excess of forty hour per week.

28. Pines knew or reasonably should have known that Plaintiff worked in excess of forty hours per week.

29. Pines did not pay Plaintiff overtime "at a rate not less than one and one-half times the regular rate at which [they were] employed." 29 U.S.C. § 207(a)(1).

30. Instead, Pines only paid Plaintiff at his straight time rate, for forty (40) hours a week, regardless of the number of hours they worked.

31. In other words, Pines did not pay Plaintiff for any hours worked in excess of forty (40) each week in violation of the FLSA.

32. Pines knew or reasonably should have known that Plaintiff was not exempt from the overtime provisions of the FLSA.

33. Pines failed to maintain accurate time and pay records for Plaintiff as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

34. Pines knew or showed a reckless disregard for whether its pay practices violated the FLSA.

35. Pines is liable to Plaintiff for their unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

36. All landscapers employed by Pines are similarly situated to Plaintiff because they (1) have similar job duties; (2) regularly worked in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Pines pursuant to 29 U.S.C. § 216(b).

## V. Count One—
### Failure to Pay Overtime in Violation of 29 U.S.C. § 207(a)

37. Plaintiff adopt by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

38. During Plaintiff's employment with Pines, they were nonexempt employees.

39. As a nonexempt employee, Pines was legally obligated to pay Plaintiffs "at a rate not less than one and one-half times the regular rate at which [they were] employed[]" for the hours that they worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

40. Pines did not pay Plaintiff overtime as required by 29 U.S.C. § 207(a)(1) for the hours he worked in excess of forty (40) per week.

41. Instead, Pines collectively paid Plaintiff at his straight time rate, for forty (40) hours each week, regardless of the number of hours they worked.

42. In other words, Pines did not pay Plaintiff for any hours worked in excess of forty (40) each week in violation of the FLSA.

43. If Pines classified Plaintiff as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

44. Pines knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA; in other words, Pines willfully violated the overtime requirements of the FLSA.

## VI. Count Two—
### Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

45. Plaintiff adopt by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

46. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

47. In addition to the pay violations of the FLSA described above, Pines also failed to keep proper time and pay records as required by the FLSA.

## VII. Count Three—
## Collective Action Allegations

48. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

49. On information and belief, other employees have been victimized by Pines' violations of the FLSA identified above.

50. These employees are similarly situated to Plaintiff because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

51. Pines' policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

52. Since, on information and belief, Plaintiff's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

53. All maintenance employees/landscapers employed by Pines, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which

they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The class is therefore properly defined as:

> All maintenance employees/landscapers employed by Pines Maintenance, Inc. during the last three years.

54. Pines is liable to Plaintiff and the members of the putative class for the difference between what it actually paid them and what it was legally obligated to pay them.

55. Because Pines knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Plaintiff and the members of the putative class their unpaid overtime wages for at least the last three years.

56. Pines is liable to Plaintiff and the members of the putative class in an amount equal to their unpaid overtime wages as liquidated damages.

57. Pines is liable to Plaintiff and the members of the putative classes for their reasonable attorneys' fees and costs.

58. Plaintiff has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on their behalf as well as all other putative class members.

## VIII. Prayer

59. Plaintiff prays for the following relief:

    a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

b.  judgment awarding Plaintiffs and the members of the putative class all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

c.  prejudgment interest at the applicable rate;

d.  postjudgment interest at the applicable rate;

e.  incentive awards for any class representative(s); and

f.  all such other and further relief to which Plaintiff and the other landscapers may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: *Melissa Moore*
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**