United States District Court
Southern District of Texas
**ENTERED**
May 27, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FERMIN MADRID, Individually and on Behalf of All Others Similarly Situated. | § § § § | |
| Plaintiff. | § § | |
| VS. | § § | CIVIL ACTION NO. 4:19–CV–04336 |
| PINE MAINTENANCE, INC., ET AL., | § § § | |
| Defendants. | § | |

## ORDER

Pending before me is Plaintiff's Motion for Class Certification and Expedited Discovery. *See* Dkt. 23. After carefully reviewing the motion, response, reply, and applicable law, I conclude that this case should be conditionally certified and notice should be sent to potential class members giving them the opportunity to opt-in to this lawsuit.

## BACKGROUND

Plaintiff Fermin Madrid ("Madrid") filed this Fair Labor Standards Act ("FLSA") lawsuit on behalf of himself and all others similarly situated against Pines Maintenance, Inc. ("Pines") and JAW, Inc. ("JAW") for allegedly failing to pay him when he worked more than 40 hours in a workweek. Madrid claims that from April 2007 through October 2019 he was employed by Pines and JAW as a maintenance worker at Augusta Pines Golf Club in Spring, Texas. In support of his claim that both Pines and JAW employed him during this time period, Madrid submits pay statements with the names of both Pines and JAW prominently displayed. As a maintenance worker, Madrid's responsibilities

primarily involved manual labor, including maintenance of the golf course's landscape. Madrid, along with all other maintenance workers at Augusta Pines Golf Club, reportedly received pay on an hourly basis.

For the entirety of his employment at Augusta Pines Golf Club, Madrid claims that he was required to clock in and out using a timecard. Beginning in 2009, Madrid says that he and his co-workers were told that they would no longer receive any compensation for hours worked beyond 40 each week. Madrid avers that he typically worked 44 to 45 hours per week, but only received compensation for 40 hours each week. Based on his conversations with co-workers, Madrid asserts that his fellow employees would want to join this lawsuit if they were made aware of it and given the opportunity to join.

Madrid moves to conditionally certify the following class as to his FLSA overtime claims: All maintenance/groundskeeper employees employed by Defendants during the last three years.

## LEGAL STANDARD

The FLSA provides that a court may certify a collective action brought "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing." 29 U.S.C. § 216(b). The FLSA collective action mechanism allows for efficient adjudication of similar claims so that "similarly situated" employees, whose claims are often small, may join together and pool their resources to prosecute their claims for relief. *See Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

The decision on whether to certify a suit as a collective action under the FLSA and approve notice to potential plaintiffs is committed to the sound discretion of the district court. *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213 (5th Cir. 1995). Notice to potential plaintiffs will not issue unless a court conditionally certifies the case as a collective action. *See Shaw v. Jaguar Hydrostatic Testing, LLC*, No. 2:15-CV-363, 2017 WL 3866424, at *3 (S.D. Tex. Sept. 5, 2017) ("[T]he sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court. District courts have discretion in deciding whether to order notice to potential plaintiffs.") (internal quotation marks and citations omitted).

Although the FLSA authorizes a plaintiff to bring an action on behalf of similarly situated persons, the FLSA does not define "similarly situated." The Fifth Circuit has declined to adopt any specific test to determine when plaintiffs are similarly situated such that the district court should certify a collective action and authorize notice. That being said, most judges in the Southern District of Texas (including this one) have adopted the lenient two-step approach outlined in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). *See Freeman v. Progress Residential Prop. Manager, LLC*, No. 3:16-CV-00356, 2018 WL 1609577, at *2 (S.D. Tex. Apr. 3, 2018).

The two stages of the *Lusardi* test are the "notice stage," followed by the "decertification stage." *Mooney*, 54 F.3d at 1213–14. At the notice stage, the court conducts an initial inquiry into "whether the putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class." *Acevedo v.*

3

*Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 519 (5th Cir. 2010). Courts usually base this decision upon "the pleadings and any affidavits [that] have been submitted." *Mooney*, 54 F.3d at 1214. Because of the limited evidence available at this stage, "this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Id.* (footnote omitted). At this initial "notice stage," a plaintiff must make a minimal showing that: (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; and (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted. *See Freeman*, 2018 WL 1609577, at *3. At no point during the notice stage of conditional certification should a court look to the merits of the lawsuit's allegations. *See Nieddu v. Lifetime Fitness, Inc.*, 977 F. Supp. 2d 686, 690 (S.D. Tex. 2013) ("Usually at the notice stage, because discovery has not yet occurred, courts do not review the underlying merits of the action in deciding whether to conditionally certify the class."). If the court conditionally certifies the class, putative class members are given notice and the opportunity to opt-in. *See Mooney*, 54 F.3d at 1214. The case then proceeds through discovery as a representative action. *See id.*

The second step of the *Lusardi* approach—the decertification stage—is triggered if a defendant files a motion for decertification after the opt-in period has concluded and discovery is largely complete. *See id.* The Fifth Circuit has explained:

> At this [decertification] stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in

4

>plaintiffs are dismissed without prejudice. The class representatives—i.e., the original plaintiffs—proceed to trial on their individual claims.

*Id.*

## CONDITIONAL CERTIFICATION IS PROPER

This case is currently at the notice stage of conditional certification. At this juncture, judges in the Southern District of Texas are split on the appropriate test to apply. Some judges require a plaintiff to establish three elements: (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt-in to the lawsuit. *See Tuggle v. Rockwater Energy Sols., Inc.*, H-18-4746, 2019 WL 7040330, at *1 (S.D. Tex. Dec. 3, 2019) (Bray, J.) (applying third element); *Sheffield v. Stewart Builders, Inc.*, H-19-1030, 2019 WL 5596368, at *3 (S.D. Tex. Oct. 30, 2019) (Miller, J.) (same); *Hester v. Phillips 66 Co.*, No. H-18-1078, 2019 WL 1930271, at *8 (S.D. Tex. Apr. 30, 2019) (Rosenthal, J.) (same); *Moreno v. Nat'l Oilwell Varco, L.P.*, No,. 4:17-CV-782, 2018 WL 1932550, at *7 (S.D. Tex. Apr. 23, 2018) (Palermo, J.) (same). On the other hand, a number of judges in this District have rejected the third element because it is not statutorily required. *See Williams v. Guardian Living Servs., Inc.*, No. 4:17-CV-1901, 2018 WL 1251927, at *2 (Ellison, J.) (declining to apply the third element); *Hernandez v. Robert Bering Constr., LLC*, 191 F. Supp. 3d 675, 681 (S.D. Tex. 2016) (Hanks, J.) (same); *Jones v. Cretic Energy Servs., LLC*, 149 F. Supp. 3d 761, 768 (S.D. Tex. 2015) (Lake, J.) (same).

The thrust of Defendants' attack on conditional certification is that Madrid has failed to satisfy the third element because he cannot show that there are individuals who

5

want to join the lawsuit. To date, not a single maintenance worker other than Madrid has joined the lawsuit as a plaintiff.

The problem with Defendants' argument is that I have previously rejected the three-element test, holding that the two-element approach is appropriate and that "[p]laintiffs need not present evidence that other individuals want to join the lawsuit to obtain conditional certification." *Freeman*, 2018 WL 1609577, at *6. *See also Lawrence v. A-1 Cleaning & Septic Sys., LLC*, No. 4:19-CV-03526, 2020 WL 2042323, at *2 (S.D. Tex. Apr. 28, 2020); *Tillis v. Global Fixture Servs., Inc.*, No. 4:19-CV-01059, 2020 WL 1443490, at *3 (S.D. Tex. Mar. 23, 2020); *Wade v. Furmanite Am., Inc.*, No. 3:17-CV-00169, 2018 WL 2088011, at *3 (S.D. Tex. May 4, 2018). I did not make the decision to adopt the two-element approach lightly. Rather, I carefully analyzed the case law and the FLSA's statutory history, concluding that there are four independent reasons to reject the third element.

> First . . . this element is not a statutory requirement at this stage. Second, this element has not been required, or even discussed, by any higher court opinion that this court has been able to find or to which the parties have cited. Rather, the Fifth Circuit's discussion of the *Lusardi* approach only requires, at the first stage, that putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class. Third, unlike under Rule 23, there is no numerosity requirement in a FLSA class action lawsuit under the *Lusardi* approach. Fourth, this element, requiring evidence of purported class members who are willing to join a class action before an appropriate class is even determined, is dissonant with the Supreme Court's directive that the FLSA be liberally construed to effect its purposes.

*Villareal v. St. Luke's Episcopal Hosp.*, 751 F. Supp. 2d 902, 916 (S.D. Tex. 2010) (internal quotation marks and citations omitted).

With that explanation out of the way, let me focus on the relevant two-element test, which is easily satisfied in this case. First, Madrid must make a minimal showing that there is a reasonable basis for crediting the assertion that aggrieved individuals exist. To do this, Madrid "need only show that it is reasonable to believe that there are other aggrieved employees who were subject to an allegedly unlawful policy or plan." *Austin v. Onward, LLC*, 161 F. Supp. 3d 457, 464 (S.D. Tex. 2015) (quotation marks and citation omitted). Here, Madrid's declaration submitted in support of the request for conditional certification provides the necessary factual support as it expressly states that Madrid and his co-workers were treated alike. According to Madrid, he and the other maintenance workers at Augusta Pines Golf Club all performed the same type of manual labor, worked more than 40 hours per week, and none were paid for work they performed in excess of 40 hours per week.

Turning to the second element, Madrid must show that those aggrieved individuals are similarly situated to the plaintiff in relevant respects, given the claims and defenses asserted. "For the class representative to be considered similarly situated to the potential [opt-in] class members, the class representative must be similarly situated in terms of job requirements and similarly situated in terms of payment provisions." *Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 468 (S.D. Tex. 2012) (quoting *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007)). *See also Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 996 (E.D. Tex. 2011) ("[T]he relevant inquiry is whether the potential class members performed the same basic tasks and were subject to the same pay practices."). There should be "some factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged policy or practice."

7

*Villatoro v. Kim Son Rest., L.P.*, 286 F. Supp. 2d 807, 810 (S.D. Tex. 2003) (internal quotation marks, brackets, and citation omitted). Applying these legal principles to this case, it is abundantly clear that the putative class members' claims are sufficiently similar to authorize notice to potential class members. According to the declaration submitted by Madrid, the maintenance workers at Augusta Pines Golf Club all performed similar job functions and were paid on an hourly basis. Moreover, the lawsuit's basic allegation is that, beginning in 2009, Defendants refused to pay any of the maintenance workers at Augusta Pines Golf Club, including Madrid, for any hours they worked in excess of 40 per week. To me, this unquestionably satisfies Madrid's need to make a modest factual showing that he is similarly situated to proposed class members.

Defendants oppose conditional certification, arguing that Madrid's declaration provides incorrect information concerning who he worked for and where he worked. As noted above, Madrid maintains that he was employed by both Pines and JAW. Defendants counter by submitting the declaration of Tami Barnett ("Barnett"), the custodian of records for Defendants. Barnett states that "Madrid was not employed by JAW, Inc. during the time stated by Mr. Madrid in his declaration." Dkt. 26-1 at 1. Barnett also suggests that Madrid did not work at Augusta Pines Golf Club, but rather at Gleannloch Pines golf course, a course apparently maintained by Pines. Finally, Barnett strongly challenges the assertion that Pines violated the FLSA. She states: "According to records of Pines Maintenance, Inc.[,] employees were compensated for hours in excess of 40 hours per week." *Id.*

8

At this notice stage, Defendants' submission of a declaration contradicting Madrid's factual assertions is completely irrelevant because "[i]t is not the Court's role to resolve factual disputes, decide substantive issues going to the ultimate merits or make credibility determinations at the preliminary certification stage of an FLSA collective action." *Barrus v. Dick's Sporting Goods, Inc.*, 465 F. Supp. 2d 224, 230 (W.D.N.Y. 2006). *See also Ellis v. Baptist Mem'l Health Care Corp.*, No. 3:18-CV-73-SA-JMV, 2019 WL 958420, at *3 (N.D. Miss. Feb. 27, 2019) ("During the notice stage of the conditional certification analysis, . . . it is not the role of this Court to resolve factual disputes over the merits of the claims, as the disposition of these arguments is irrelevant in determining whether the Plaintiffs have made showing that there are similarly situated employees.") (internal quotation marks and citation omitted); *Harris v. Vector Mktg. Corp.*, 716 F. Supp. 2d 835, 838 (N.D. Cal. 2010) ("The fact that a defendant submits competing declarations will not as a general rule preclude conditional certification."). Competing declarations simply create a "he-said-she-said situation," and while "[i]t may be true that the [Defendants'] evidence will *later* negate [Madrid's] claims," that should not bar conditional certification at the first stage. *Escobar v. Whiteside Constr. Corp.*, No. C 08-01120 WHA, 2008 WL 3915715, at *4 (N.D. Cal. Aug. 21, 2008) (emphasis added). *See also Clarke v. Convergys Customer Mgmt. Grp.*, 370 F. Supp. 2d 601, 607 (S.D. Tex. 2005) (noting that fact issues raised by the defendant are "of the sort that are appropriate for consideration during the second-stage analysis, and not during the initial 'notice' stage"). At this time, I take no position on the merits of the case because that does not inform the conditional certification issue. The only questions at the conditional certification stage are whether Madrid has met

his burden to show that (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; and (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted.  Given the lenient standard to be applied at this stage, I conclude such a showing has been made.

Now that I have found conditional certification to be appropriate in this case, I must determine whether the proposed class is proper.  Madrid proposes a class comprised of "[a]ll maintenance/groundskeeper employees employed by Defendants during the last three years."  Dkt. 23 at 7.  This class seems a bit broad to me, especially since the impression I get after reading the conditional certification papers is that Defendants may employ maintenance/groundskeepers at more than one golf course.  The only evidence provided to me indicates that Madrid and his co-workers at Augusta Pines Golf Club were allegedly the victims of a single decision, policy, or plan as required for conditional certification.  It is pure speculation on my part to infer that any maintenance workers at any golf course other than Augusta Pines Golf Club were treated similarly.  "A court has the authority to modify the confines of an FLSA collective action on its own if the proposed class is too broad."  *Avila v. SLSCO, Ltd.*, No. 3:18-cv-00426, 2020 WL 1891691, at *5 (S.D. Tex. Feb. 10, 2020).  With this in mind, I limit the class as follows: All maintenance workers/groundskeepers employed at Augusta Pines Golf Club by Pines or JAW during the last three years.

## CONCLUSION

Madrid has made a sufficient showing at this preliminary stage to warrant the issuance of notice, to permit full discovery, and to allow the Court to conduct a more

rigorous analysis at the final decertification stage when it has the benefit of more information. As such, Plaintiff's Motion for Class Certification and Expedited Discovery (Dkt. 23) is **GRANTED**. Conditional certification is granted for a class defined as follows:

> All maintenance workers/groundskeepers employed at Augusta Pines Golf Club by Pines Maintenance, Inc. or JAW, Inc. during the last three years.

I order the parties to confer and file an agreed Proposed Notice and an agreed Proposed Consent to Join form by June 5, 2020. I have prepared a form FLSA conditional certification notice that is available on my website (https://www.txs.uscourts.gov/page/united-states-magistrate-judge-andrew-m-edison), and the parties are encouraged to utilize it in drafting the final notice for this case.

Defendants shall provide Madrid with a list of all employees fitting the description of the conditionally certified class in a usable electronic format by June 9, 2020. This list shall include each individual's full name, last known mailing address, e-mail address, cellular telephone number, and date(s) of employment. Madrid shall have fourteen (14) days from the receipt of this information to send notice, in English and Spanish, to potential class members by first-class mail, email, and text message. A reminder notice may be sent to potential class members by first-class mail, email, and text message 30 days after the initial notice is sent. The opt-in period shall be sixty (60) days from the date the notice is sent.

SIGNED in Houston, Texas on this 27th day of May, 2020.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE